UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZACHARY BARBEE,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFERSON COUNTY, et al.,<br><br>    Defendants. | Case No. C05-5005RBL<br><br>ORDER ON DISCOVERY MOTIONS |

  This matter comes before the Court on a series of discovery disputes raised by the following Motions: (1) Defendants' Motion to Compel the Continuation of the Plaintiff's deposition [Dkt. #21]; (2) Defendants' Motion for Leave to Exceed the Deposition Limit [Dkt. #23]; and (3) Defendants' Motion for a Protective Order [Dkt #25], seeking to limit the scope of Plaintiff's Discovery into grievances, medical records, "kites" and the like from other inmates. The disputes are largely the result of delay in conducting discovery by the Defendants. Plaintiff argues that the defense is responsible for the delay, and the defendants argue that the delay was caused by the plaintiff's failures to timely respond to and supplement written discovery requests.

  As is often the case in such disputes, the real culprit cannot be determined. It is clear that Plaintiff seeks to call witnesses whose testimony form part of the basis for his expert's testimony, and that those parties have not been deposed. It is also clear that the Plaintiff's deposition was not completed. While defense counsel arguably could have been more efficient in conducting the initial stages of the deposition ( given that the source of the infection was not at issue) any limited inconvenience or prejudice to the plaintiff in having to sit for a deposition is outweighed by the interests in having disputes resolved on the merits. For that reason, the Court will order that the plaintiff's deposition be completed, in an efficient manner and at a mutually

ORDER
Page - 1

convenient time and place. Defendants' Motion to Compel the Continuation of the Plaintiff's deposition [Dkt. #21] is GRANTED.

The Court's interest in resolving matters on the merits rather than on the basis of procedural maneuvers also persuades it that at least some of the 22 witnesses proffered by the Plaintiff should be deposed.  It is not clear that the delay was avoidable, nor that it was solely defendants' fault.  The Court will **extend the discovery cutoff in this matter to January 6, 2006**, for the completion of the plaintiff's deposition and the depositions of the witnesses identified and at issue.  However, it is unlikely that all of the witnesses identified by the plaintiff are going to be called or permitted to testify, and the parties are strongly encouraged to determine which witnesses will be necessary (and not duplicative), and to narrow the list if possible.   This extension shall apply only to the witnesses identified and shall not be construed as an invitation to engage in new round of discovery.   Defendants' Motion for Leave to Exceed the Deposition Limit [Dkt. #23] is GRANTED.

Finally, as to the Defendants' Motion for a protective order, the Plaintiff is correct that his case may depend in part on demonstrating a pattern or practice of violating inmates' rights with respect to medical records.  While the plaintiff will not be permitted to "try" the cases of other inmates who were denied medical treatment, the alleged failure to provide medical care on a wide basis is discoverable, despite the inconvenience of doing so. The Defendants' Motion for a Protective Order with respect to grievances and " kites" [Dkt. #25] is therefore DENIED; however, medical records of other inmates shall not be produced.  The documents produced shall be deemed confidential and any personal information not directly relevant to the issues in the case, and information which would violate HIPPA if disclosed, shall be redacted.  Furthermore, if and to the extent the Plaintiff intends to rely on the testimony of other inmates as to the failure to provide medical care, the factual circumstances surrounding those inmates testimony is "fair game."  The Defendants' argument that the plaintiff cannot rely on factual testimony it fails to disclose is correct, and this order should not be read to permit that result.

DATED this 14th day of December, 2005.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE