UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY BARBEE,

    Plaintiff,

v.

JEFFERSON COUNTY and STEVE RICHMOND, individually,

    Defendants.

Case No.: C05-5005-RBL

ORDER DENYING DEFENDANT'S SECOND MOTION FOR PROTECTIVE ORDER AND GRANTING DEFENDANT'S REQUEST FOR LEAVE TO DEPOSE

    This matter comes before the Court on the Defendant's Second Motion for Protective Order. [Dkt. #40]. Pursuant to Fed. R. Civ. P. 26(c), the Defendants seek to prevent the Plaintiff's discovery of two relevant items of evidence: (i) the written statements generated by Mr. Richmond regarding the events surrounding the Plaintiff's incarceration, and (ii) the documents relating to an internal complaint made by Bradley Wohlman, a Jefferson County Corrections Officer.

    With regard to the first item of evidence, the Defendants contend that these statements are protected under the work product doctrine, and, therefore, are not discoverable under Fed. R. Civ. P. 26(b)(3). Under this doctrine, a party may not discover materials prepared in anticipation of litigation by an opposing party or by that party's counsel unless the party has a "substantial need [for] the materials . . . and that the party is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means." *See* Fed. R. Civ. P. 26(b)(3). The Ninth Circuit prescribes two requirements for work

ORDER                                                            1

product protection: (i) the documents must be prepared in anticipation of litigation or for trial, and (ii) they must be prepared by or for another party or by or for that other party's representative. *United States v. Torf*, 357 F.3d 900, 907 (9th Cir. 2003). Significantly, the Court has also determined that protection under the work product doctrine does not extend to "documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." *United States v. Adlman*, 134 F.3d 1194, 1202 (2nd Cir. 1998).

The evidence demonstrates that the written statements generated by Mr. Richmond after the incident in question are traditionally made as a matter of jail policy. *See* Deposition of Eric Egnew (attached as Exhibit 2 to the Heipt Declaration), p. 10 [Dkt. #44]. In fact, several of the corrections officers have testified that it was routine to make such a statement when an incident like this occurs. Consequently, regardless of whether the statements satisfy the elements for work product protection, they must, nevertheless, be disclosed under the business records exception to the work product privilege.

Moreover, even if the documents cannot be classified as business records, the Plaintiff still has made a showing of "substantial need" for the documents. One of the central issues to be decided in this case is precisely when the Defendant became aware that the Plaintiff was seeking medical care for his infected hand. There are conflicting accounts as to the date that the Plaintiff began making his requests, and the statements of the Defendant here are directed at this question.

The Defendant argues that since Mr. Richmond has already been deposed by the Plaintiffs this necessarily forecloses any need for discovery of the statement. This is not so. In fact, the Defendant's deposition is contradicted by the testimony of other witnesses on the events in question. Moreover, there is significant reason to believe that the Defendant's version of the events has changed over time. Consequently, the Plaintiff meets the requisite "substantial need" for the statements at issue here, and they are properly discoverable.

The second item of evidence is similarly amenable to production under Fed. R. Civ. P. 26. This

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

rule provides, in part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." *See* Fed. R. Civ. P. 26(b)(1).  This rule further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.  Officer Wohlman was an eye-witness to the incident involving the Plaintiff.  Subsequently, Officer Wohlman wrote a complaint to the Jefferson County Board of Commissioners, expressing his concerns over the incident.  Plainly, the Plaintiff's request of this complaint, along with the county's complete response, and any other related documents is reasonably calculated to lead to the discovery of admissible evidence.  The Defendant's Second Motion for Protective Order is DENIED as to the above-mentioned documents.  However, the Court GRANTS the Defendant's request of leave to depose Brad Wohlman with regard to the contents of the report.

IT IS SO ORDERED.

DATED this 5th day of January, 2006.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER     3