UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY BARBEE,

    Plaintiff,

v.

JEFFERSON COUNTY and STEVE RICHMOND, individually,

    Defendants.

Case No. C05-5005-RBL

ORDER DENYING DEFENDANT'S MOTION FOR BILL OF COSTS

    This matter comes before the Court on the Defendants' Motion for Bill of Costs [Dkt. #202] following the Jury's Verdict in their favor. Defendants seek to recover the approximately $26,000 in costs they incurred in successfully defending the case.

    Defendants argue that costs are generally awarded to the prevailing party under Fed. R. Civ. P. 54(d), and emphasize that their claim is enhanced because they made a Rule 68 Offer of Judgment to Mr. Barbee prior to trial (in the amount of $50,000), and he rejected that offer by failing to respond to it. Thus, they claim, the court should not exercise its discretion to deny costs based on the merits of Mr. Barbee's claim, his indigency, the conduct of the defendants and their counsel, or any chilling effect that an award of costs might have on future civil rights plaintiffs.

    Plaintiff opposes an award of costs. He argues that the court has discretion to deny an award of costs to the prevailing party under Rule 54(d) and urges the court to exercise that discretion in light of the following factors (the presence of which are largely undisputed by the prevailing defendants): he is

ORDER    1

indigent, and his civil rights claim was important and meritorious (even though he ultimately did not prevail) and was pursued in good faith. He claims[1] that he brought important issues of public concern to light, and that awarding costs against him for attempting to vindicate his civil rights would have a chilling effect on future civil rights claimants.

The court is persuaded by each of these arguments, and is not inclined to make a significant award of costs to the prevailing defendant in this case. Defendants have throughout this case sought to paint the plaintiff's claims as frivolous and/or asserted in bad faith, and pursued a malicious prosecution counterclaim. The Court was not at any time persuaded that Mr. Barbee brought his claim in bad faith or that the claim was frivolous, and dismissed the malicious prosecution counterclaim at the close of Plaintiff's case.

The issue is whether and to what extent the Plaintiff's rejection of the Rule 68 Offer of Judgment impacts this analysis and the court's ability to deny costs.

The Defendants cite *Delta Air Lines v. August* 450 U.S. 346 (1981), arguing that the rejection of a Rul 68 offer is "persuasive evidence" that the court should exercise its discretion to award costs to a prevailing defendant. The Plaintiff responds that Rule 68 applies when a plaintiff prevails but not does achieve a result as favorable as a pre-trial offer of Judgement, and that it specifically does not apply here, where the plaintiff did not prevail at all. *See Delta Airlines* at 352 ("Rule 68 applies only to judgments obtained by the plaintiff."). The Court agrees: a Rule 68 offer of judgment can re-define the term "prevailing party" if the plaintiff prevails but does not recover more than was previously offered by the defendant. In such a case, the plaintiff might not recover his costs under Rule 54(d) despite "winning"

---

[1] Plaintiff also claims that costs should be denied because the Defendants engaged in misconduct with respect to document production, denying plaintiff the opportunity to rebut some of the defendants' allegations. The court observed that documents were produced late, and accepts the defendants' contention that the tardiness resulted from inadvertence. However, the timing of the production could not have helped the Plaintiff. While not dispositive, the hindrance, if not the motive behind it, weighs nominally in favor of declining a cost award.

ORDER                                       2

1 because he did not exceed the defendants' prior offer.  This is not such a case.

2 The Defendants' rejected Rule 68 Offer of Judgment does not deprive the court of its discretion to award costs to the prevailing party in this case, and the court in the exercise of that discretion will not award such costs under Rule 54(d).  Defendants' Motion for a Bill of Costs [Dkt. #202] is DENIED.

IT IS SO ORDERED.

DATED this 13th day of June, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE